UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JUANITA WILLIAMS,

               Plaintiff,

   -against-

THE CITY OF NEW YORK, PO SHAWN MOYNIHAN
(Shield 302), PO SHEILA RAMOS (Shield 24844), and
PO ELIZABETH ALLAIN (Shield 19941),

               Defendants.
-------------------------------------------------------------------X

15CV2202

COMPLAINT

JURY TRIAL DEMANDED

      Plaintiff Juanita Williams, *pro se*, for her complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, malicious prosecution, and unnecessary and excessive use of force, by employees of the New York City Police Department (NYPD),

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

5.    This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On March 5, 2014, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based, thereby preserving plaintiff's pendent state law claims against the City of New York and the individual police officer defendants.

### JURY DEMAND

9. Plaintiff demands trial by jury in this action.

### PARTIES

10. Plaintiff Juanita Williams, age 30, is an African-American woman who is a citizen of the United States and a resident of the State of New York. She has never been convicted of any criminal offense. She is a high school graduate with 98 credits in nursing from Long Island University. She had been employed by Lincoln Hospital for approximately three years at the time of the events described herein. She was pregnant with her first child, at time of the events described herein.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Shawn Moynihan, Shield 3202, was a police

officer employed by the NYPD, assigned to Police Service Area 7, 737 Melrose Avenue, Bronx, NY.

13. At all times relevant herein, defendant PO Sheila Ramos, Shield 24844, was a police officer employed by the NYPD, assigned to Police Service Area 7.

14. At all times relevant herein, defendant Elizabeth Allain, Shield 19941, was a police officer employed by the NYPD, assigned to Police Service Area 7.

15. At all times relevant herein, defendants Moynihan, Ramos and Allain were acting as agents, servants and employees of defendant City of New York and the NYPD.

16. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

17. At approximately 8:00 P.M. on Christmas Night, December 25, 2013, plaintiff was at her place of work, Lincoln Hospital, 234 East 149th Street, Bronx, NY 10451.

18. Plaintiff's principal task at Lincoln Hospital was to transport patients on hospital gurneys.

19. Plaintiff was moving one such gurney when she encountered defendants Moynihan and Ramos, who had come to the hospital to guard arrestees.

20. The officers, apparently feeling that she had not given them enough room to get by, became agitated at having to stand and wait for the gurney to get through, accused plaintiff of blocking their way and called her an "asshole" for doing so.

21. When plaintiff objected to be addressed in such a disrespectful manner -- she was merely doing her job, and gurneys necessarily do get in the way of pedestrian traffic in hospital corridors on occasion -- the officers demanded identification and then slammed plaintiff against a

3

wall.

22. Plaintiff was then arrested and taken in handcuffs to Police Service Area (PSA) 7, 737 Melrose Avenue in the Bronx, where she was held until approximately 2 A.M.

23. Plaintiff was transported in handcuffs to Bronx Central Booking, where she was imprisoned until approximately 4:00 P.M. before being released on her own recognizance. She was in police custody for approximately 20 hours.

24. The defendant police officers falsely accused plaintiff of Obstructing Governmental Administration merely because the gurney she was transporting was "blocking the hallway" and therefore interfering with "official duties" of an officer.

25. The defendant police officers also falsely accused plaintiff of disorderly conduct merely because she objected to the crude and disrespectful manner in which they ordered her to move, falsely accusing her of screaming and yelling and causing a public disturbance.

26. The defendant police officers also falsely claimed that plaintiff had resisted arrest.

27. A third officer, defendant Allain, Shield 19941, signed the untruthful Criminal Court Complaint as arresting officer, alleging falsely that plaintiff "interfered with her official duties of assisting another New York City Police officer who was watching a hospitalized person."

28. Plaintiff first appeared in Bronx Criminal Court on February 25, 2014, at which time the matter was adjourned to April 9, 2014. It has since been adjourned at least seven more times. The next scheduled court date is April 2, 2015.

29. Plaintiff was suspended without pay from her job as a result of the arrest and remains suspended without pay to this day.

30.     Plaintiff is defending vigorously against the false charges and is confident that she will be totally exonerated.

## FIRST CLAIM FOR RELIEF

31.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30.

32.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## SECOND CLAIM FOR RELIEF

33.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 and 32.

34.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

35.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

36.     The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 34-35 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

37. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30, 32, and 34-36.

38. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, the unnecessary and excessive use of force, and employee negligence.

39. The conduct toward plaintiff alleged herein subjected this woman with no prior criminal record to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and substantial loss of income.

### FOURTH CLAIM FOR RELIEF

40. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30, 32, 34-36, and 38-39.

44. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally; and

(c)  Such other and further relief as this Court deems just and proper.

Dated:   March 20, 2015

_____
**JUANITA WILLIAMS**
1011 Washington Avenue, # 711
Bronx, NY 10456
(718) 924-5113

**PLAINTIFF *PRO SE***